UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case No. 21-cr-00088 DLF |
| ) | |
| **NATHANIEL DEGRAVE ,** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT NATHANIEL DEGRAVE'S RESPONSE TO COURT'S ORDER FOR AN ACCOUNTING OF ONLINE FUNDRAISING

NOW COMES Defendant Nathaniel DeGrave, by and through his undersigned counsel of record, William L. Shipley, Esq., responding to this Court's Order dated March 16 2023, directing Defendant DeGrave to provide an accounting with respect to funds raised for his legal defense.

During the term of his incarceration, Defendant DeGrave created three fundraising sites online.  A fourth fundraising site was opened in his name but he had no involvement in that site, he had no control over that site, and he received no funds from that site.  The amount raised by that site was only $585.

The three sites that Defendant DeGrave did control raised a combined total of $131,781.   The company that operates the fundraising cite charges a processing fee of approximately 3%.  Total funds paid out to Mr. DeGrave total approximately $127,800.

1

Defendant DeGrave has had retained counsel since the summer of 2021. Defendant DeGrave has paid $104,000 in attorneys' fees and costs, including attorneys' fees and costs for the sentencing hearing.



In exchange for assistance in negotiating the release of the funds from the processing company (Stripe) after the refusal by Defendant DeGrave's personal bank (Bank of America) to accept transfer of the funds due to the purpose for which the money was raised (legal defense of a crime of violence), $10,000 was paid to a third party with expertise in managing online fundraising activities who managed to secure the release of the funds.

While Mr. DeGrave was detained pending trial, the person he relied upon to pay the monthly fee on a storage unit holding all of Mr. DeGrave's belongings in Las Vegas failed to do so, and the contents of the storage unit were sold.  As a result, upon release Mr. DeGrave needed to purchase everything for the apartment he moved into, as well as clothing and other necessities.  Mr. DeGrave's total expenses -- including travel costs to Las Vegas for him and Mr. Marshall who accompanied him -- were $8,080.

Mr. DeGrave has incurred $1,715 in costs for travel and accommodations for sentencing hearing.

The total of the above is as follows:



| | |
|---|---|
| Attorney Fees and Costs | $104,000[1] |
| Assistance re Release of Funds | $10,000 |
| Resettlement and Travel Costs | $ 8,080 |
| Travel/accommodations for sentencing | $ 1,715 |
| Total: | $123,795 |
| | |
| Raised | $127,800 |
| Balance Remaining | $   4,005 |

Dated: May 10, 2023

Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

---

[1] The Government has suggested that it has some insight into how much legal work has been put into the case. The Government's uniformed speculation is baseless. Counsel for the Government should acknowledge for the Court a lack of experience to offer the kind of speculation that was put in the record with the motion for an accounting. It may surprise Counsel to realize that there have been more than 200 email messages exchanged just between the undersigned and her, without counting the messages between her and Mr. Marshall. There have been dozens of telephone calls between the two sides, as well as significantly more than 100 calls by counsel with the client – some very lengthy. The client sat for multiple interviews with counsel present, and had to be prepped for each of those interviews in advance. A lengthy and detailed motion for release from custody pending trial was prepared by counsel, and the only reason it was not filed was because counsel for the Government asked that it not be filed while discussions about cooperation and a disposition of the case were underway. Counsel for the Government has no knowledge or insight as to the amount of time spent by Mr. Marshall and the undersigned in reviewing discovery and going over that discovery by telephone with the client while he was in custody. Counsel for the Government has no knowledge or insight into the amount of time spent by Mr. Marshall and the undersigned discussing with Mr. DeGrave the plea agreement offered by the Government and what his options were, including the option of going to trial or pleading guilty without a plea agreement. Further, although it was discussed that Mr. DeGrave might assist with a website set up by counsel for fundraising purposes, other vehicles besides that website have been the primary method of raising funds for other counsel's other clients and Mr. DeGrave has not provided "administrator" assistance as was discussed.